PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.
MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. et al. (two
cases). GUARANTY TRUST CO. OF NEW YORK v. SAME.

(Circuit Court, S. D. New York. August 12, 1908.)

CARRIERS (§ 18*)—REGULATIONS OF COMMISSION—ENFORCEMENT.

Receivers of a federal court operating street railroad lines will not be directed to obey an order of the State Public Service Commission requiring them to establish a joint rate and exchange transfers with an independent road where it can only be done at a serious loss, and the power of the commission to make such order is doubtful until the question of such power has been adjudicated by the state courts.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 18; Dec. Dig. § 18.*]

In Equity. On application by receivers for instructions.

Byrne & Cutcheon, for Pennsylvania Steel Co.

Dexter, Osborn & Flemming, for receivers of New York City Ry. Co.

Bronson Winthrop, for Morton Trust Co.

Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

Davies, Stone & Auerbach, for Guaranty Trust Co.

LACOMBE, Circuit Judge. The receivers of the Metropolitan Street Railway Company have applied for further instructions as to transfers.

They have carefully conformed to the general instructions contained in opinion filed October 8, 1907 (157 Fed. 440) to operate the road in accordance with the requirements of law, state and local. When they took possession of the property the Metropolitan Company was operating the Fifty-Ninth Street Crosstown Line under a lease. The statutes of the state provide that in such case transfers should be exchanged, and this was done. On August 6, 1908, operation under the lease ceased, and the line was returned to its owner, an independent corporation. No statute, ordinance, or regulation, state or local, required the exchange of transfers in such a case, and such exchange was therefore terminated.

Thereafter the Public Service Commission issued an order to show cause why transfers were not continued, and why some joint tariff should not be established, with a resolution requiring separate accounts to be kept for 30 days. The receivers replied to the resolution offering to keep any accounts or records which the commission might wish. They did not appear to show cause for reasons set forth in an opinion of this court, filed June 10, 1908 (165 Fed. 494), as follows:

"It has been suggested that the Public Service Commission, under section 49 of the act which created it, might require the road to sell and honor these transfers (Laws 1907, p. 917, c. 429). Whether that section or any other one gives the Public Service Commission power to compel two independent roads to exchange transfers is a question of state law, the construction of a state statute, which may more appropriately be left to the state courts. In the event of the receiver being called upon by the commission to take and give such trans-

fers, he will furnish all the information which he, as operator of the road, may be able to procure, and he will notify the owners and security holders of the several roads now in his hands, and will see that they are given the opportunity to present whatever arguments they may wish to make in opposition. In the ultimate analysis it is the owners of and lienors on the property whose interests would really be affected by such a construction of the statute; the court and its receiver are custodians merely, and are not concerned with its future."

The commission has now made an order requiring the receivers and the company operating the Fifty-Ninth Street line to establish through routes and put in force a joint rate of fare by the use of transfers over their respective lines.

In view of the information now on record in this court as to the financial condition of the two roads, and the report recently made to the commission showing that of 20,000,000 of passengers carried by the Fifty-Ninth Street line over 13,000,000 rode on transfers and paid it no fare, it is difficult to see how the operators of the two roads can succeed in agreeing upon a joint rate of the kind suggested.

The extent of the authority of the commission under section 49 is not exactly defined, since the new act has not yet been construed by the courts. In the event of any proceeding being brought by the commission in which such construction might be secured, the receivers will appear in any state court and co-operate in every way to secure a prompt determination of any questions presented.